UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nadine M. Jesberg and                                           Civ. File No. 97-1062 (PAM/RLE)
Robert P. Jesberg,

                    Plaintiffs,

v.

Baxter Healthcare Corporation, et al.,

                    Defendants,

and                                                             **MEMORANDUM AND ORDER**

Sherwood Medical Company,

                    Third-Party Plaintiff,

v.

Aladan Corporation; Ansell Incorporated;
Ansell Healthcare Products, Inc.; London
International Group, LLC; London International
Group, Inc.; Regent Medical Division of SSL
Americas; SSL U.S. Manufacturing, LLC; and
SSL Americas, Inc.;

                    Third-Party Defendants.

_____

This matter is before the Court on cross-Motions for Summary Judgment. The Motions

relate only to the Third-Party Complaint, which alleges that Third-Party Defendants Ansell

Incorporated and Ansell Healthcare Products, Incorporated (collectively "Ansell") failed to

defend, indemnify, and insure Third-Party Plaintiff Sherwood Medical Company ("Sherwood")

in an underlying products liability action.   For the reasons that follow, Sherwood's Motion is denied and Ansell's Motion is granted in part and denied in part.

**BACKGROUND**

**A.      The Underlying Litigation**

Plaintiff Nadine Jesberg allegedly developed allergies from her use of and/or exposure to latex gloves during the course of her training and employment as a dental assistant and registered dental hygienist.   In April 1997, Jesberg filed a products liability lawsuit against various manufacturers and distributors of latex examination gloves, including Sherwood.   The Complaint contained claims for strict liability based on manufacturing defect, design defect, and failure to warn; negligence; breach of express and implied warranties; intentional and negligent infliction of emotional distress; intentional and negligent misrepresentation; violation of the Minnesota Unlawful Trade Practices Act; and fraudulent concealment.[1]

In July 1997, the underlying action was transferred to Multi-District Litigation No. 1148 in the United States District Court for the Eastern District of Pennsylvania and was consolidated with hundreds of latex glove products liability cases.   On November 29, 2002, the case was remanded back to the District of Minnesota.   Based on a stipulation between the parties, the Court dismissed Sherwood from the underlying action on February 9, 2004. However, the Order expressly preserved Sherwood's third-party claims against Ansell.

---

[1]   The Complaint also set forth a claim for loss of consortium on behalf of Plaintiff Robert Jesberg.

**B.      The Third-Party Complaint**

Jesberg maintained that she used or was exposed to Sherwood Natraflex latex examination gloves from March 1988 to September 1994.   During that period, Sherwood distributed latex gloves that had been manufactured by either Ansell or Aladan Corporation. Sherwood purchased latex gloves manufactured by Ansell from March 1988 to November 1992.   It purchased latex gloves manufactured by Aladan from October 1989 to March 1990 and from October 1992 to May 1996.

On November 3, 2000, Sherwood filed a Third-Party Complaint against Ansell and Aladan.[2]   Sherwood alleges that Ansell was obligated to indemnify and defend Sherwood in the underlying litigation pursuant to terms on the back of purchase orders it used when purchasing latex gloves from Ansell.   The First Amended Third-Party Complaint contains eight counts. Counts One and Five allege that Ansell breached its contractual duty to defend and indemnify Sherwood in the underlying litigation.   (Am. Third-Party Compl. ¶¶ 50-53, 69-71.)   Count Two alleges that Ansell breached its contractual duty to procure insurance on behalf of Sherwood. (Id. ¶¶ 54-59.)   Count Three asserts a claim for breach of implied duty of good faith and fair dealing.   (Id. ¶¶ 60-63.)   Count Four claims that Ansell breached express warranties.   (Id. ¶¶ 64-68.)   Count Six alleges a common law indemnity claim.   (Id. ¶¶ 72-74.)   Count Seven seeks

---

[2]      Sherwood later filed an Amended Third-Party Complaint to include claims against alleged successors to Aladan, including London International Group, LLC; London International Group, Inc.; Regent Medical Division of SSL Americas; SSL U.S. Manufacturing, LLC; and SSL Americas, Inc.   Aladan also filed a Motion for Summary Judgment in this action. However, the parties informed the Court at oral argument on the cross-Motions that Sherwood has settled its claims against all Third-Party Defendants except Ansell.   The Court therefore denies Aladan's Motion as moot.

contribution.   (Id. ¶¶ 75-76.)   Count Eight sets forth a successor liability theory of recovery.

(Id. ¶¶ 77-80.)

## C.   The Purchase Orders

The claims Sherwood asserts against Ansell are based on provisions set forth on the

back of Sherwood's purchase orders.   These provisions required Ansell to defend, indemnify,

and insure Sherwood from all claims arising out of the resale of the latex gloves:

> [Ansell] its heirs, successors, assigns and legal representatives, shall forever
> protect, indemnify and save harmless [Sherwood], its subsidiaries and affiliated
> companies, their successors, assigns, customers and users of their products,
> against all damages, claims, suits at law or in equity . . . arising out of, or alleged
> to have arisen out of, or in connection with [Ansell]'s performance, or lack of
> performance of this contract.   [Ansell] agrees to comply with [Sherwood]'s
> insurance conditions as revised from time to time and submit evidence of such
> insurance.   This insurance at the present time shall include but not be limited to:
>
> Comprehensive General Liability including contractual and products liability.
> There shall be minimum limits of $100,000/$300,000 for bodily injury and
> $50,000 property damage.
>
> The certificates must specifically mention that contractual and products liability
> is provided and must contain a clause covering [Ansell's] assumption of liability.

(See, e.g., Lipuma Aff. Ex. H, Oct. 20, 2005.)   The provisions also contained express

warranties that the latex gloves would be fit and safe for the purpose for which they are

manufactured.   (Id.)   Finally, the provisions provided that the purchase orders became binding

contracts upon either acknowledgment or delivery of the latex gloves.   (Id.)

## DISCUSSION

## A.   Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**B.     Breach of Contract**

Both Sherwood and Ansell seek summary judgment on the contractual claims in the Amended Third-Party Complaint. According to Sherwood, the record undisputedly shows that the provisions are enforceable and that Ansell breached its duty under the provisions. In contrast, Ansell maintains that the purchase order provisions are unenforceable. It also submits that Sherwood has not suffered any damages for an alleged breach.

1.     Damages

5

It is undisputed that American Home Products, Sherwood's parent company, paid all defense costs in the underlying litigation.   Ansell therefore asserts that Sherwood's contractual claims fail as a matter of law because Sherwood cannot establish damages. Sherwood responds that American Home Products is a real party in interest and seeks leave to amend the Amended Third-Party Complaint to add American Home Products.

To prevail on a breach of contract claim, a plaintiff must prove that the defendant breached a material term of the contract, and that the breach damaged the plaintiff.   LeMond Cycling, Inc. v. PTI Holding, Inc., Civ. No. 03-5441, 2005 WL 102969, at *3 (D. Minn. Jan. 14, 2005) (Magnuson, J.).   The purchase order terms purportedly require Ansell to defend and indemnify Sherwood and its "affiliated companies."   American Home Products, as the parent company of Sherwood, is an affiliated company and therefore may bring a breach of contract claim.   Accordingly, the Court will allow Sherwood to amend the Amended Third-Party Complaint to join American Home Products as a plaintiff in this action.   See Fed. R. Civ. P. 17(a).  Ansell's Motion on this point is denied.

2.   Enforceability of Purchase Order Provisions

The parties dispute whether the provisions on the back of purchase orders are enforceable.   According to Sherwood, Ansell accepted every term of the purchase orders when Ansell shipped the requested latex gloves to Sherwood without objecting to the purchase order terms.   In contrast, Ansell maintains that the parties had a prior oral agreement that included all material terms and that the purchase orders were merely a written confirmation of the parties' agreement.

Minnesota law "allows merchants to contract for the sale of goods without having to negotiate and draft formal contracts." Litton Microwave Cooking Prods. v. Leviton Mfg. Co., Inc., 15 F.3d 790, 794 (8th Cir. 1994) (citing Minn. Stat. § 336.2-207). A party can demonstrate his acceptance of an offer to buy goods by simply shipping the requested goods without objection. See Minn. Stat. § 336.2-206(1). To constitute an offer, the manifestation of assent must be "clear, definite and explicit" and leave nothing open for negotiation. Litton Microwave Cooking Prods., 15 F.3d at 794. If prior communication does not rise to the level of an offer, a purchase order that manifests the parties' assent to be mutually bound will constitute an offer. Id. at 795. Under such circumstances, the purchase order terms govern the relationship in question. Id.

However, the purchase order terms are unenforceable if they materially altered an existing oral agreement between the parties without express consent from both parties. See Minn. Stat. § 336.2-207. An agreement is materially altered if an addition would "result in surprise or hardship if incorporated without express awareness by the other party." TRWL Fin. Establishment v. Select Int'l, Inc., 527 N.W.2d 573, 579 (Minn. Ct. App. 1995). The issue of "whether an additional term materially alters an agreement is a question of fact which must be resolved on a case by case basis." Id.

The addition of an indemnity clause is a material alteration:

An indemnification clause, like a warranty disclaimer, relieves a party of otherwise well-established legal duties and obligations. Clearly, a shift in legal liability which has the effect of relieving one party of the potential for significant economic hardship and placing this burden upon another party is an important term in any contract. Thus, it is not surprising that such a term, if it

is to be included in a contract, is ordinarily the subject of active negotiation between parties.  We therefore do not believe that a party charged with legal duties and obligations may reasonably rely upon a boilerplate clause in a boilerplate form and a corresponding operation of law to shift substantial economic burdens from itself to a nonassenting party when it had every opportunity to negotiate such a term if it desired.

Trans-Aire Int'l Inc. v. N. Adhesive Co., Inc., 882 F.2d 1254, 1263 (7th Cir. 1989); see also Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 401 F.3d 901 (8th Cir. 2005) (boilerplate damages limitation on the reverse side of an order acknowledgment was a material alteration); TRWL Fin. Establishment v. Select Int'l, Inc., 527 N.W.2d 573, 578 (Minn. Ct. App. 1995) (forum selection clause materially altered previous agreement between the parties).

Sherwood asserts that Ansell agreed to the terms on the back side of the purchase orders, including the defense, indemnity, and insurance provisions.  It submits that Ansell not only required Sherwood to submit purchase orders to effectuate the sale of goods, but that Ansell actually reviewed and approved all purchase orders.  This evidence indicates that Ansell assented the purchase order terms by shipping the latex gloves.

Ansell denies that it agreed to the purchase order terms.  It contends that it shipped the latex gloves pursuant only to an oral agreement between the parties.  It maintains that  it did not review the purchase orders terms because the material terms of their oral agreement were already established, and it notes that the record is devoid of evidence that Ansell expressly agreed to the provisions at issue.

The vastly different accounts of the parties' intent create a question of fact as to whether the purchase orders constituted original offers or whether the parties had a prior oral

agreement regarding the manufacture of the latex gloves.   Summary judgment on the enforceability of the purchase order provisions is therefore inappropriate.   Accordingly, the Court denies both Motions as they relate to Counts One, Two, and Five of the Amended Third-Party Complaint.[3]

## C.     Breach of Implied Duty of Good Faith and Fair Dealing

Count Three of the Amended Third-Party Complaint alleges that Ansell breached its implied covenant of good faith and fair dealing with Sherwood.   Both parties contend that they are entitled to summary judgment on this claim.   Specifically, Sherwood argues that Ansell blatantly refused to indemnify and insure Sherwood despite the clear language of the purchase order provisions and numerous demands for defense and indemnification.   Ansell argues that its refusal was based on a good faith belief that the purchase orders were ineffectual.

Minnesota law provides for an implied condition of good faith in sales contracts.   Wild v. Rarig, 234 N.W.2d 775, 790 (Minn. 1975) (citations omitted).   Good faith requires a party to act honestly and reasonably.   Minn. Stat. § 336.1-201(20); Sterling Capital Advisors, Inc. v. Herzog, 575 N.W.2d 121, 125 (Minn. Ct. App. 1998).   Bad faith exists when a party's refusal to fulfill its contractual obligations is based on an ulterior motive.   Minnwest Bank Cent. v. Flagship Props., LLC, 689 N.W.2d 295, 303 (Minn. Ct. App. 2004) (citing Sterling Capital Advisors, Inc., 575 N.W.2d at 125).

---

[3]   The parties also dispute whether the purchase order provisions apply to the claims asserted in the underlying litigation.   Because the Court finds that a genuine issue of material fact remains as to whether the purchase orders created binding contracts, it will not address the scope of the provisions or the factual dispute as to whether every purchase order exchanged between Ansell and Sherwood contained such provisions.

Viewing the evidence in light most favorable to each nonmoving party, a dispute of fact remains as to whether Ansell exercised good faith in refusing to abide by the purchase order terms. Accordingly, the Court denies both Motions as they relate to Count Three of the Amended Third-Party Complaint.[4]

## D.     Breach of Warranty

Count Four of the Amended Third-Party Complaint alleges that Ansell expressly warranted that latex gloves it manufactured would be free from design defects and defects in material and workmanship. Ansell seeks summary judgment on Count Four, contending that Sherwood has no evidence that the latex gloves manufactured by Ansell were unsafe or unfit for their intended purpose.

To establish a breach of warranty claim, Sherwood must show the existence of a warranty, a breach of the warranty, and causation. Duxbury v. Spex Feeds, Inc., 681 N.W.2d 380, 393 (Minn. Ct. App. 2004) (citing Peterson v. Bendix Home Sys., Inc., 318 N.W.2d 50, 52-53 (Minn. 1982)). "When a seller makes 'any affirmation of fact or promise' about a product, an express warranty arises that the product will conform to that promise." Id. (citing Minn. Stat. § 336.2-313(1)(a)).

---

[4]   Ansell also argues that Count Three must be dismissed because the breach of contract claims fail. Minnesota law does not recognize a claim for breach of the implied covenant of good faith and fair dealing without an underlying breach of contract claim. Medtronic, Inc. v. ConvaCare, Inc., 17 F.3d 252, 256 (8th Cir. 1994). However, because a question of fact remains as to whether the purchase orders created an enforceable contract between the parties, the Court will not dismiss the implied covenant claim on that ground.

Sherwood submits that a question remains whether Ansell failed to minimize harmful proteins in the latex gloves. It relies on a bulletin issued by the Food and Drug Administration in May 1991, which attributed the rise of latex sensitivity to proteins in latex and advised glove manufacturers of ways to minimize leachable proteins. Ansell replies that it fully complied with all FDA requirements.

After carefully reviewing the record, the Court concludes that Sherwood has failed to create a genuine issue of material fact on the breach of warranty claim. Indeed, the evidence on which Sherwood relies indicates that Ansell met the FDA requirements "sooner rather than later" and that Ansell "was always better" than its competitors in taking measures to minimize leaching. (See Lipman Aff. Ex. G at 102-103, Oct. 20, 2005.) Simply put, Sherwood fails to present any evidence that latex gloves manufactured by Ansell were unsafe. Furthermore, the record shows that the latex gloves manufactured by Ansell provided an adequate barrier against the transmission of blood-borne pathogens. Thus, the record indicates that the gloves were fit for their intended purpose. Accordingly, summary judgment on Count Four in favor of Ansell is appropriate.

**E.     Common Law Indemnity and Contribution**

Ansell seeks summary judgment on Counts Six and Seven of the Amended Third-Party Complaint, which allege common law indemnity and contribution claims. Sherwood cannot pursue these claims because Sherwood signed a Pierringer release. See Bunce v. A.P.I., Inc., 696 N.W.2d 852, 855-58 (Minn. Ct. App. 2005) (Pierringer release precludes defendant's claims against third-party companies for indemnification and contribution). Moreover,

11

Sherwood cannot establish that the indemnity claim falls within any of the three situations where common law indemnity is recognized by the Minnesota courts.  See U.S. v. J&D Enters. of Duluth, 955 F. Supp. 1153, 1157 (D. Minn. 1997) (Erickson, Mag. J.) (absent express contract, indemnity only recognized where there is vicarious liability, or the party seeking indemnity acted under the other party's direction, or there was a breach of duty).  Accordingly, the Court grants Ansell summary judgment on Counts Six and Seven of the Amended Third-Party Complaint.

**CONCLUSION**

For the foregoing reasons, and based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Aladan's Motion for Summary Judgment (Clerk Doc. No. 156) is **DENIED as moot**;

2.    Ansell's Motion for Summary Judgment (Clerk Doc. No. 188) is **GRANTED in part** and **DENIED in part**;

3.    Sherwood's Motion for Summary Judgment (Clerk Doc. No. 223) is **DENIED**;

4.    Third-Party Plaintiff Sherwood may join its parent company, American Home Products, as a Third-Party Plaintiff in this action; and

5.    Counts Four, Six, and Seven of the Third-Party Amended Complaint are **DISMISSED with prejudice**.

Dated:  January 30, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge